## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**THOMAS CLORE**
    Plaintiff

**v.**	No. 1:08CV-00077-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Mark Morgan. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 14 and 15, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on March 20, 2007, by administrative law judge (ALJ) Ronald Kayser. In support of his decision denying Title II benefits, Judge Kayser entered the following numbered findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2006.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 31, 2001 through his date last insured of December 31, 2006 (20 CFR 404.1520(b) and 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairment: Wegners Granulomatosis (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium exertional work involving no more than occasional climbing of ropes/scaffolds; ladders, crawling or overhead reaching; no more than frequent climbing of ramps/stairs, balancing, stooping, kneeling or crouching; or exposure to whole body vibration.

6. Through the date last insured, the claimant was able to perform his past relevant work as a supervisor (20 CFR 404.1565).

7. The claimant was not under a disability as defined in the Social Security Act, at any time from July 31, 2001, the alleged onset date, through December 31, 2006, the date last insured (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 16-19).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a

whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a

de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the

Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

The plaintiff's primary contention upon judicial review is that the ALJ erred in declining to give controlling weight to the medical opinions of his treating physicians and that, if the ALJ had properly credited these opinions, an ultimate finding of disability would have been dictated by the rules in Appendix 2 of the regulations, the so-called medical-vocational guidelines, or grids. For the reasons set forth below, the magistrate judge shall conclude that, even if the ALJ had accepted the treating source opinions, a finding of disability was not required under the grids. Furthermore, any error was harmless because, in response to a hypothetical question at the administrative hearing that explicitly incorporated the treating source opinions, the vocational expert (VE) identified a significant number of compatible jobs in the national economy.

On September 28, 2005, the plaintiff's treating physician, Mark Heinicke, completed the standard physical assessment form (AR, pp. 218-219). On October 5, 2005, another treating physician, J. Dixon, completed the identical form (AR, pp. 399-400). Dr. Dixon found fewer restrictions than Dr. Heinicke.

A treating source medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). One "obvious inconsistency [is] when two medical sources provide inconsistent medical opinions about the same issue." Social Security Ruling (SSR) 96-2p. The magistrate judge concludes that, in light of the obvious inconsistency between the opinions of the treating sources, the ALJ was not required to give controlling weight to Dr. Heinicke's opinions. Instead, the ALJ could have given controlling weight to Dr. Dixon's opinions.

At the administrative hearing on February 6, 2007, the ALJ presented the VE with a hypothetical question that appears to incorporate verbatim Dr. Dixon's findings (AR, pp. 567-568). The VE testified that the hypothetical would preclude the plaintiff's past relevant work. However, in light of the plaintiff's transferable work skills, the individual could perform a significant number of "sedentary" jobs in the national economy (AR, p. 569). The magistrate judge concludes that any error with respect to the ALJ's decision to decline to give controlling weight to the treating source medical opinions was, at worst, harmless error.

Furthermore, the plaintiff's argument that acceptance of the treating source opinions would require a finding of disability under the grids is unpersuasive. In his decision, the ALJ cited Grid Rule 203.16 as a framework for decisionmaking (AR, p. 19). Grid Rule 203.16 contemplates a maximum exertional capacity for "medium" work. As the VE indicated, Dr. Dixon's findings are compatible with the requirements of "sedentary" work. Compare Dr. Dixon's findings at AR, pp. 399-400 and the requirements of "sedentary" work as defined at 20 C.F.R. § 404.1567(a). The grid rule corresponding to Grid Rule 203.16 for "sedentary" work is Grid Rule 201.07, and it directs an ultimate finding of "not disabled."

6

**RECOMMENDATION**

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).